# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | 1:16-cr-120-WSD-5 |
| **JONATHAN RUCKER,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant Jonathan Rucker's ("Defendant") Motion to Receive Prior Custody Credit [214].

## I. BACKGROUND

On February 24, 2017, Defendant was sentenced to forty-nine (49) months imprisonment, with three (3) years of supervised release, after pleading guilty to one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. ([200]; [202]). Defendant did not appeal his sentence or conviction.

On August 18, 2017, Defendant filed his Motion to Receive Prior Custody Credit. Defendant requests credit for one hundred eighty-four (184) days he was detained in the "De[K]alb and Newton County Jail[s] in Georgia," and credit for

sixty-two (62) days he spent on home confinement while on pretrial supervision. (Mot. at 2).

## II. DISCUSSION

18 U.S.C. § 3585(a) ("Section 3585") provides that a sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Section 3585(b) allows for a defendant to receive credit toward their custodial sentence for time incarcerated before the sentence was imposed:

> **(b) Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled." United States v. Hardy, 672 F. App'x 978, 978 (11th Cir.

2017) (citing Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995)) ("[T]he Attorney General through the BOP, and not district courts, is authorized to compute sentence credit awards *after sentencing*."). The Attorney General "make[s] the determination as an administrative matter when imprisoning the defendant." United States v. Wilson, 503 U.S. 329, 335 (1992).

The Court imposed its sentence in this matter over six (6) months ago, after considering the arguments of the parties, the factors set forth in 18 U.S.C. § 3553(a), the record in this matter, and the sentences imposed on Defendant's co-defendants. The Court found Defendant's sentence, as imposed, was the appropriate sentence in this case. The Court did not order that Defendant receive any specific credit toward his term of incarceration in this matter. Defendant has begun serving his sentence and the Bureau of Prisons has exercised its exclusive authority, pursuant to 18 U.S.C. § 3585(b), to determine the pre-sentence credit to which Defendant is entitled. Defendant's Motion to Receive Prior Custody Credit is denied. See Hardy, 672 F. App'x at 978.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Jonathan Rucker's Motion to Receive Prior Custody Credit [214] is **DENIED**.

**SO ORDERED** this 18th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE